UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THOMAS BARNES,                                       :

                            Petitioner,      :

              - against -                            :  **REPORT AND**
                                                                     **RECOMMENDATION**
MARK BRADT, Superintendent          :  **TO THE HONORABLE**
Attica Correctional Facility,                     **PAUL G. GARDEPHE**
                                             :

                     Respondent.       09 Civ. 9533 (PGG) (FM)
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   2/29/2012

**FRANK MAAS,** United States Magistrate Judge.

       On December 6, 2004, a jury sitting in Supreme Court, New York County, convicted petitioner Thomas Barnes ("Barnes") of Assault in the Second Degree, a charge that arose out of injuries sustained by a court officer after Barnes refused to be handcuffed following a court appearance in that court. (T. 201-09, 241-49, 253, 277-280, 307, 312-21, 326-35, 391-96, 439-45, 471, 514).[1] Thereafter, on January 14, 2005, Justice Gregory Carro, before whom the case was tried, sentenced Barnes as a second violent felony offender, to a prison term of seven years. (S. 25-26). Barnes is serving that and other sentences at the Attica Correctional Facility. (See id.; ECF No. 1). Proceeding pro se, he now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

    [1]    "T." refers to the trial transcript. "S." refers to the sentencing minutes. "Ex." refers to the exhibits attached to the Declaration of Assistant Attorney General Thomas B. Litsky, dated January 12, 2012.

The Respondent has opposed Barnes' request for habeas relief on a number of grounds, among them that this proceeding is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). (ECF Nos. 22-23). For the reasons set forth below, the Court should dismiss Barnes' habeas proceeding as time-barred.

I.   Background

    A.   Direct Appeal

After he was sentenced, Barnes appealed his conviction to the Appellate Division, First Department, alleging, inter alia, that the verdict was against the weight of the evidence, erroneous evidentiary rulings deprived him of a fair trial, and his counsel failed to provide effective assistance. (Ex. A.). On December 5, 2006, that court unanimously affirmed his conviction. People v. Barnes, 826 N.Y.S.2d 28, 28 (1st Dep't 2006). Thereafter, on February 20, 2007, Judge Victoria A. Graffeo of the New York Court of Appeals denied Barnes' application for leave to appeal. People v. Barnes, 8 N.Y.3d 878, 878 (2007). Barnes did not subsequently seek a writ of certiorari.

    B.   Other Post-Conviction Proceedings[2]

On January 28, 2008, Barnes filed an application for a writ of error coram nobis in the First Department. (Ex. N). After that motion was summarily denied on April 29, 2008, (Ex. O), the Court of Appeals denied Barnes leave to appeal by order dated

---

[2]   After the denial of his direct appeal, all of Barnes' subsequent filings were made pro se.

2

August 19, 2008. (Ex. P). The Court of Appeals subsequently denied reconsideration on October 23, 2008. (Ex. Q). Barnes then filed a second application for a writ of error <u>coram nobis</u> on September 25, 2009. (Ex. R). In the absence of any papers reflecting the disposition of that second motion, I will assume for present purposes that this motion remains pending.

On June 23, 2010, Barnes filed a motion to vacate the judgment of conviction pursuant to Section 440.10 of the New York Criminal Procedure Law. (Ex. G). Justice Carro denied that motion on September 15, 2010. (Ex. J). Thereafter, on February 22, 2011, Justice Karla Moskowitz denied Barnes' application for leave to appeal. (Ex. M).

        C.     <u>Habeas Petition</u>

Barnes' original petition is dated September 30, 2009, and was delivered to prison authorities for mailing on October 1, 2009. (<u>See</u> ECF No. 1 at 5). The <u>Pro Se</u> Office of this Court received the petition on October 5, 2009. (<u>Id.</u> at 6). Subsequently, on November 17, 2009, Chief Judge Loretta A. Preska directed Barnes to explain, within sixty days, why his petition was not time-barred under AEDPA. (ECF No. 2). In response, Barnes filed an affirmation with this Court on January 7, 2010. (ECF No. 3 ("Affirm.")). Your Honor then referred the matter to me for a Report and Recommendation on October 4, 2010. (ECF No. 5). Although there were subsequent proceedings both here and in state court, they are not relevant to the issue of the timeliness of Barnes' original petition.

3

II.     Discussion

    A.     Limitations Period

AEDPA provides, in pertinent part, that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run on the latest of four triggering dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

Barnes does not contend that the State prevented him from filing his petition, or that he seeks relief on the basis of a newly-recognized constitutional right, or that the factual bases of his claims were unknown to him at any time prior to the filing of his petition. Accordingly, the relevant triggering date in this case is "the date on which

4

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).

The Second Circuit has held that "a petitioner's conviction becomes final for AEDPA purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expires." Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001) (internal quotation marks and brackets omitted). A party has ninety days in which to file a petition for a writ of certiorari requesting review of a state court decision. Sup. Ct. R. 13(1); Bowles v. Russell, 551 U.S. 205, 212 (2007); Saunders v. Senkowski, 587 F.3d 543, 547 (2d Cir. 2009); Valverde v. Stinson, 224 F.3d 129, 132 (2d Cir. 2000). Here, because Judge Graffeo denied Barnes' application for leave to appeal to the Court of Appeals on February 20, 2007, see People v. Barnes, 8 N.Y.3d at 878, and because Barnes did not file a petition for a writ of certiorari, the AEDPA limitations period began to run on May 21, 2007. Thus, absent tolling, the one-year statute of limitations would have expired on or about May 21, 2008.[3]

B.  Statutory Tolling

AEDPA contains a tolling provision which provides that "[t]he time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). If the state collateral proceedings are themselves commenced after the one-year statute of limitations has

---

[3]   2008 was a leap year.

5

already expired, however, they have no effect because they do "not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

A coram nobis petition is deemed filed on the date it is delivered to prison authorities for mailing. Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005). In this case, Barnes' deposited his first application for a writ of error coram nobis in a prison mailbox on January 29, 2008. (See Ex. N at 2, 65).[4] Accordingly, the running of the limitations period was tolled from then until October 23, 2008, when the Court of Appeals denied Barnes' application for reconsideration of the Appellate Division's denial of his petition. See 28 U.S.C. § 2244(d)(2). By then, 251 days had elapsed from the date his conviction became final. Barnes therefore had only an additional 114 days (365-251), i.e., until February 14, 2009, in which to file a timely habeas petition.

The next proceeding that Barnes commenced was his second petition for a writ of error coram nobis, which was deposited in a prison mailbox on September 25, 2009. (Ex. R). Since both this application and all of Barnes' other papers were filed well after the limitations period had expired, Barnes is not entitled to further statutory tolling on the basis of these motions. See, e.g., Fernandez, 402 F.3d at 116 ("To toll the AEDPA statute of limitations, the state petition [for a writ of coram nobis] must be . . . 'pending' during the tolling period."); see also Menjivar v. Sears, No. 06 CV 2854 (JG), 2007 WL

---

[4] The Respondent's memorandum of law erroneously assumes that Barnes mailed his application on January 28, 2008, the date on which the affidavit of service was sworn before a notary public. (ECF No. 22 at 28).

2274892, at *3 (E.D.N.Y. Aug. 7, 2007) ("A [Section] 440 motion . . . does not revive a period that has already lapsed."). Barnes' habeas proceeding consequently is untimely unless he is able to establish some other basis for overcoming the AEDPA statute of limitations.

    C.    Equitable Tolling

In its recent decision in Holland v. Florida, the Supreme Court confirmed the unanimous view of the Second Circuit and other Courts of Appeals that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." 130 S. Ct. 2549, 2560 (2010). Under the doctrine of equitable tolling, a court may entertain an otherwise untimely habeas petition if the petitioner establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted). As the Second Circuit has explained, "[t]he term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011). There consequently is "a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011).

"Extraordinary circumstances" have been found in only a handful of situations. See, e.g., id. at 363-64 (attorney affirmatively misled petitioner by promising that he would file the petition before the "last day to file"); Diaz v. Kelly, 515 F.3d 149, 154-55 (2d Cir. 2008) (state appellate court failed to inform prisoner that leave to appeal

7

was denied); Baldayaque v. United States, 338 F.3d 145, 150-53 (2d Cir. 2003) (attorney failed to file habeas petition, despite explicit directions to do so); Valverde, 224 F.3d at 133 (corrections officer intentionally confiscated prisoner's petition shortly before the filing deadline); see also Holland, 130 S. Ct. at 2564-65 (suggesting that "extraordinary circumstances" may be present when attorney, inter alia, failed to file a timely habeas petition despite petitioner's many letters instructing him to do so, did not inform petitioner that the state's highest court had decided his case, and ignored petitioner's letters for a period of years).  Here, Barnes does not allege any facts to meet the "high bar" for equitable tolling.  There consequently is no basis to toll the statute of limitations on equitable grounds.

      D.    Actual Innocence

In his affirmation responding to Judge Preska's order, Barnes notes that his application for a writ of error coram nobis was based, in part, on his appellate counsel's failure to argue that there was insufficient evidence at trial to establish the requisite intent for Assault in the Second Degree. (Affirm. at 2-4 (citing id. Ex. G (Aff. in Supp. of Writ of Error Coram Nobis))).  This allegation could conceivably be liberally construed as an attempt to overcome the AEDPA statute of limitations on the basis of Barnes' "actual innocence."  The Second Circuit has not yet determined whether a credible claim of actual innocence provides a "gateway" through which habeas petitioners must pass to

8

have their otherwise time-barred claims heard on the merits.[5]  See Doe v. Menefee, 391 F.3d 147, 160-61 (2d Cir. 2004).  Nevertheless, the Second Circuit has "instructed district courts faced with untimely petitions in which the petitioner asserts his or her actual innocence to determine, in each case, whether the petitioner has presented a credible claim of actual innocence before ruling on the legal issue[] of whether such a showing" entitles him to invoke an "actual innocence" exception to the AEDPA statute of limitations.  Id. at 161 (emphasis added).

In order to make a credible claim of actual innocence, a petitioner must demonstrate that it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  Id. at 162 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).  In addition, the petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  House v. Bell, 547 U.S. 518, 537 (2006); Menefee, 391 F.3d at 161-62.

Here, at a minimum, Barnes has failed to adduce any "new reliable evidence" demonstrating his innocence.  In light of this failure, there is no reason for the Court to question the jury's verdict, and he cannot rely on any potential "actual

---

[5]  One judge in this District has concluded that Section 2244 affords such a gateway.  See Garcia v. Portuondo, 334 F. Supp. 2d 446, 456-62 (S.D.N.Y. 2004) (Kaplan, D.J.).

innocence" exception to AEDPA as a basis for overcoming the one-year statute of limitations.[6]

III. Conclusion

For the foregoing reasons, Barnes' habeas proceeding should be dismissed as time-barred.

IV. Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to

---

[6] Even if Barnes had adduced new evidence of his innocence, he would be hard pressed to show that it could have changed the outcome since eight eyewitnesses – including the presiding judge, a prosecutor, and the injured officer – testified at trial about his assaultive behavior. (See T. 187-231 (Sgt. Fred Loeffler), 232-68 (Sr. Court Officer William Carlsen), 269-301 (Admin. Judge Micki Scherer), 302-68 (Sr. Court Officer Christopher Stottman), 369-85 (Sr. Court Officer Tyree Bacon), 385-415 (Ass't Dist. Att'y Adam Miller), 420-33 (Lt. (then-Sgt.) Dennis Shawah), 433-62 (Sr. Court Clerk Carol Mannino)).

Judge Gardephe. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

        SO ORDERED.

Dated:      New York, New York
              February 29, 2012

                                                FRANK MAAS
                                     United States Magistrate Judge

Copies to:

Hon. Paul G. Gardephe
United States District Judge

Thomas Barnes
05-A-0829
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

Thomas Benjamin Litsky
New York State Office of the Attorney General
120 Broadway
New York, NY 10271