UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/12

THOMAS BARNES,

      Petitioner,

- against -

MARK BRADT, Superintendent
Attica Correctional Facility,

      Respondent.

**ORDER**

09 Civ. 9533 (PGG) (FM)

PAUL G. GARDEPHE, U.S.D.J.:

  Thomas Barnes filed a pro se petition for a writ of habeas corpus on October 1, 2009, pursuant to 28 U.S.C. § 2254. (Dkt. No. 1) In an order dated October 4, 2010, this Court referred the petition to Magistrate Judge Frank Maas for a Report and Recommendation ("R&R"). (Dkt. No. 5) On February 29, 2012, Judge Maas issued a 12-page R&R recommending that this Court dismiss Barnes's petition as time-barred.[1] (Dkt. No. 26) Because Barnes failed to file any objections to the R&R, he has waived his right to judicial review of the Magistrate Judge's recommended decision other than as to clear error. The Court finds no error in the R&R, adopts the R&R in its entirety, and will dismiss Barnes's petition as time-barred.

## BACKGROUND

  Following a December 2003 court appearance in Supreme Court for the State of New York, New York County, Thomas Barnes injured a court officer while trying to prevent the officer from handcuffing him. (R&R at 1 (citing Trial Tr. 201-09, 241-49, 253, 277-80, 307, 312-21, 326-35, 391-96, 439-45, 471, 514)) Barnes was charged with Assault in the Second

---

[1] On March 1, 2012, Judge Maas issued a two-page Addendum to his R&R, because he received Barnes's reply papers the day after he filed his R&R. In the Addendum, Judge Maas adheres to his prior recommendation that Barnes's petition be dismissed as time-barred. (Dkt. 28)

Degree and later convicted by a jury. (R&R at 1 (citing Trial Tr. 201-09, 241-49, 253, 277-80, 307, 312-21, 326-35, 391-96, 439-45, 471, 514)) On January 14, 2005, Justice Gregory Carro of the Supreme Court, New York County, sentenced Barnes as a second violent felony offender to seven years' imprisonment, which he served at the Attica Correctional Facility. (R&R at 1 (citing Sentencing Minutes at 25-26); see Dkt. No. 1)

The Appellate Division, First Department, affirmed Barnes's conviction on December 5, 2006. (R&R at 2 (citing People v. Barnes, 826 N.Y.S.2d 28, 28 (1st Dep't 2006))) On February 20, 2007, the New York Court of Appeals denied Barnes's application for leave to appeal. (R&R at 2 (citing People v. Barnes, 8 N.Y.3d 878, 878 (2007)))

On April 29, 2008, the First Department summarily denied Barnes's pro se application for a writ of error coram nobis, which he had filed on January 29, 2008. (R&R at 2 (citing Litsky Decl., Exs. N, O)) The Court of Appeals denied Barnes leave to appeal on August 19, 2008, and denied reconsideration on October 23, 2008. (R&R at 2-3 (citing Litsky Decl., Exs. P, Q)) On September 25, 2009, Barnes filed a second application for a writ of error coram nobis, which remains pending. (R&R at 3 (citing Litsky Decl., Ex. R))

On September 15, 2010, Justice Carro denied Barnes's motion to vacate the judgment of conviction pursuant to Section 440.10 of the New York Criminal Procedure Law. (R&R at 3 (citing Litsky Decl., Exs. G, J)) On February 22, 2011, Justice Karla Moskowitz of the Appellate Division, First Department denied Barnes's application for leave to appeal. (R&R at 3 (citing Litsky Decl., Ex. M))

Barnes filed a pro se petition for a writ of habeas corpus on October 1, 2009, and filed an amended petition on August 26, 2011. (R&R at 3 (citing Dkt. No. 1 at 6); Dkt. No. 11) As noted above, this Court referred the petition to Magistrate Judge Maas for an R&R. Before

2

Judge Maas, Respondent argued that Barnes's claims are time-barred, because the habeas corpus limitations period expired on February 13, 2009. (Dkt. No. 22)

Judge Maas issued an R&R on February 29, 2012, recommending that the petition be dismissed as time-barred. The R&R warned the parties that objections to the R&R were to be filed within fourteen days, and that "[t]he failure to file . . . timely objections will result in a waiver of those objections for purposes of appeal." (R&R at 11 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985)). Barnes never filed any objections to the R&R. On March 13, 2012, approximately two weeks after Judge Maas issued his R&R, Barnes filed a change of address memorandum with this Court stating that he "was released" and that he had moved to a new address in the Bronx. (Dkt. No. 29)

## DISCUSSION

### I. STANDARD OF REVIEW

In evaluating a Magistrate Judge's R&R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the Magistrate Judge's recommendations, "[the district court judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, Barnes never filed any objections to Judge Maas's R&R, despite clear warning that a failure to file objections would result in a waiver of judicial review. A "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Secretary of

3

Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision."). Because this rule is non-jurisdictional, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993)), this Court will go on to consider whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendation. Wingate v. Bloomberg, No. 11 Civ. 188(JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

## II. MOOTNESS

As an initial matter, this Court must consider "whether [Barnes's] subsequent release cause[s] the [habeas corpus] petition to be moot because it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998). "In order to satisfy the case-or-controversy requirement, [Barnes] must have suffered, or be threatened with, an actual injury traceable to the respondent and likely to be redressed by a favorable judicial decision." Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004) (internal brackets and quotation marks omitted).

In Spencer, the Supreme Court addressed whether a convict's release from incarceration renders his habeas corpus petition moot:

> An incarcerated convict's . . . challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration . . . – some "collateral consequence" of the conviction – must exist if the suit is to be maintained. In recent decades, [the Supreme Court has] been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or,

4

what is effectively the same, to count collateral consequences that are remote and unlikely to occur).

Spencer, 523 U.S. at 7-8 (internal citation omitted).

Here, the presumption "that a wrongful criminal conviction has continuing collateral consequences" applies, even though Barnes has already been released from the Attica Correctional Facility. See id. at 8; see also United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) ("In cases involving a challenge to the criminal conviction itself, the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement is presumed. . . . Criminal convictions carry with them a host of civil disabilities, such as a defendant's inability to engage in certain businesses, to vote, or to serve as a juror. . . . As a result, it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences' such that a presumption that they exist is justified.") (citations omitted). Accordingly, Barnes's petition for a writ of habeas corpus will not be dismissed as moot.

### III. BARNES'S PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The R&R correctly concludes that, under the AEDPA, the relevant triggering date for the running of the statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). Barnes's conviction became final "for AEDPA purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expire[d]." See Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001) (internal brackets omitted).

"[A] petition for a writ of certiorari must be filed within 90 days of the entry of judgment sought to be reviewed." Bowles v. Russell, 551 U.S. 205, 212 (2007) (citing S. Ct. R. 13(1)). Here, because Barnes did not file a petition for a writ of certiorari after his application for leave to appeal to the New York Court of Appeals was denied on February 20, 2007, the AEDPA statute of limitations began to run ninety days later, on May 21, 2007. (R&R at 5 (citing People v. Barnes, 8 N.Y.3d at 878))

The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2). Judge Maas correctly concluded, however, that this tolling provision does not salvage Barnes's petition.

Barnes filed his first coram nobis petition on January 29, 2008 (R&R at 6 (citing Litsky Decl., Ex. R)), and the limitations period remained tolled until October 23, 2008, when the New York Court of Appeals denied Barnes's application for reconsideration of its decision denying Barnes leave to appeal the First Department's denial of his petition for a writ of coram nobis. (Litsky Decl., Ex. Q) Given that the limitations period began to run on May 21, 2007, and allowing for the exclusion of time between January 29, 2008 and October 23, 2008, Barnes's time to file a habeas petition expired on February 13, 2009.[2]

Barnes's next filing took place on September 25, 2009, when he submitted his second petition for a writ of error coram nobis. His petition for a writ of habeas corpus followed

---

[2] 252 days elapsed between the date the statute of limitations began to run (May 21, 2007) and the date the statute was tolled (January 29, 2008). Barnes thus had until February 13, 2009 – 113 days (365-252) from the day the statute began to run again (October 23, 2008) – to file a habeas petition. Barnes did not file his habeas petition until October 1, 2009, however, well after the limitations period had expired.

6

on October 1, 2009. (R&R at 6 (citing Litsky Decl., Ex. R); Dkt. No. 1) These petitions, as well as all of Barnes's other papers, were filed well after the limitations period had expired in February 2009, however.

Judge Maas correctly concluded that there was no basis for excusing Barnes's failure to comply with the AEDPA's one-year statute of limitations. Barnes's assertions that he "was not aware of the time deadlines," and that he "was not being neglectful" in making his filings, do not warrant equitable tolling of the statute of limitations (see Dkt. No. 27 (Petitioner Opp.)), and Barnes does not qualify for any potential "actual innocence" exception to the AEDPA. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); Doe v. Menefee, 391 F.3d 147, 160-61 (2d Cir. 2004).

Having conducted a review of the R&R, this Court finds that it contains no clear error and is, in fact, in conformity with the law. Barnes's petition for a writ of habeas corpus must be dismissed as time-barred.

## CONCLUSION

For the reasons stated above, this Court adopts the findings and conclusions set forth in Judge Maas's Report and Recommendation in their entirety. Barnes's petition for a writ of habeas corpus (Dkt. No. 1) is DENIED. The Clerk of the Court is directed to close this case. Any pending motions should be terminated as moot. The Clerk of the Court is further directed to mail a copy of this order to pro se Petitioner Thomas Barnes, 1044 Boynton Avenue, Apt. 1-A, Bronx, New York 10472.

Dated: New York, New York
       June 29, 2012

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Copy to:
Thomas Barnes (pro se)
1044 Boynton Avenue
Apt. 1-A
Bronx, New York 10472